UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL OYOLA,

    Plaintiff,

v.                                           Case No: 2:17-cv-490-FtM-99MRM

CHAUNCEY VINCENT THOMAS,
SR. and MITCHELL M. BLANKS,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

    This matter comes before the Court on review of the Plaintiff's Complaint (Doc. #1) filed on August 28, 2017. Plaintiff Miguel Oyola is an inmate at the Desoto Correctional Institution (DeSoto CI) in Arcadia, Florida. Proceeding *pro se*, Plaintiff initiated this action against two inmates at DeSoto CI, Chauncey V. Thomas and Mitchell M. Blanks. (Doc. #1). Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. #2). Because Plaintiff seeks leave to proceed *in forma pauperis,* the Court must review his Complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

In his Complaint, Plaintiff alleges that Defendants Blanks and Thomas are involved in starting a drug business trafficking K-2, Molley, Meth, Heroin, and Marijuana in Desoto CI. Plaintiff states that Blanks' entire family is heavily involved in the drug business in Fort Myers. Plaintiff offers to read out to officers the names and times of future drug transactions by the Defendants. Plaintiff also alleges that Mtichell and Blanks have spoken about setting fire to the homes of the judges in the Fort Myers Federal Court.

## STANDARDS OF REVIEW

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. The section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327.

Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) (retiring the "no set of facts" language previously used to describe the motion to dismiss standard and determining that because the plaintiffs had not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

## **DISCUSSION**

Taking the allegations of the complaint as true and construing them in the light most favorable to Plaintiff, they fail to state a plausible § 1983 claim against either of the named Defendants because they are not proper defendants in a § 1983 action. In any §

3

1983 action, the initial inquiry must focus on whether two essential elements are present:

    1.    whether the conduct complained of was committed by a person acting under color of state law; and

    2.    whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001). With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.,* 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue,* 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks and citations omitted). The allegations in Plaintiff's Complaint do not remotely suggest the kind of joint action with state actors that would subject his fellow inmates to § 1983 liability.

## **CONCLUSION**

Upon review of the Complaint, the Court concludes that Plaintiff has failed to present an actionable claim and that dismissal of this case is warranted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

4

Accordingly, it is now

**ORDERED:**

Plaintiff Miguel Oyola's Complaint ([Doc. #1](Doc. #1)) is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of December, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Miguel Oyola
All Parties of Record
SA: FTMP-2